## Local No. 401 v. Alto Trucking Co.

Before Bigelow and Schiffman, JJ.

*Allan M. Kluger, William J. McCall*, for plaintiff.

*L. G. Feldmann, A. J. Ciotola*, for defendant.

BIGELOW, J., for the Court en banc. December 27, 1967.—Plaintiff has brought this action against defendant to recover $5,824.16, plus interest from May 1, 1966, costs and attorney's fees, for allegedly due and unpaid payments to a pension fund from April 31, 1966, as required by a collective bargaining agreement dated January 27, 1965, attached to the complaint and marked "Exhibit A". Defendant has filed preliminary objections to the complaint: (I) Motion to strike out plaintiff's complaint; (II) motion for a more specific complaint; (III) demurrer.

By stipulation of counsel, the first two motions were withdrawn, leaving the demurrer at issue at this time. Two reasons are advanced by defendant in support of the demurrer:

"1. The real parties in interest entitled to recover the arrearages in the Pension Fund are the alleged employees of the said defendant not identified in the said Complaint.

"2. The cause of action alleged in the Complaint vests in and accrues to the said employees and not to its alleged representative, the plaintiff above named; and hence the cause of action set forth in the Complaint should have been brought and must be brought in the name of the said unnamed employees of the defendant".

Plaintiff maintains that the currently effective collective bargaining agreement authorizes it to bring this action for delinquent payments to the health and welfare fund and/or pension fund. Defendant maintains that under Pennsylvania Rule of Civil Proce-

dure 2002, all actions must be prosecuted in the name of the real party in interest and may be brought by plaintiff herein on behalf of the employes only if plaintiff's representative capacity is pleaded and the names of the employes on behalf of whom the action is brought likewise are pleaded. Plaintiff maintains that it is the real party in interest by virtue of section 41 of the collective bargaining agreement entered into between the employer-defendant and the local union-plaintiff. Article 41, sec. 6 (a), paragraph 2, specifically provides that in the event the employer is delinquent in any payment of contributions to this fund and after notice to said employer of said delinquency, "Action for delinquent contributions may be instituted by either the 'local union' or the 'Conference' ".

It appears to be defendant's main argument that the collective bargaining agreement does not clearly set forth whether or not the employes or the union are to control the litigation or can give defendant an acquittance and discharge. The collective bargaining agreement authorizes either the employes or the representative of the union to take necessary action concerning delinquent payments to the fund.

There is ample authority in the Pennsylvania courts that a union, under Pa. R. C. P. 2002, is a real party in interest and may bring an action against an employer to recover benefits due the employes under a collective bargaining agreement. I. U. E.-C. I. O. v. Westinghouse Electric Corp., 7 D. & C. 2d 290; Transport Workers' Union v. Neibauer Bus Co., 11 Bucks 204.

If defendant desires to learn the names of the employes by virtue of the employment of whom defendant allegedly owes the payments to the pension fund and/or the amounts due by virtue of said employment, discovery proceedings are available to obtain this information.

There is no merit to the demurrer and it will be overruled.

### ORDER

Defendant's demurrer to plaintiff's complaint is overruled. Defendant is directed to proceed in accordance with the applicable Pennsylvania Rules of Civil Procedure.